UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTONIO (ASIA) CRAWFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00538-JPH-DLP |
| | ) |
| T.J. WATSON, in his official capacity as | ) |
| Complex Warden for the Terre Haute | ) |
| Federal Correctional Complex; | ) JURY TRIAL REQUESTED |
| LT. MacKELLAR, in his individual | ) |
| and official capacity, | ) |
| | ) |
| Defendants. | ) |

**Amended Complaint for Declaratory and Injunctive Relief and Damages**

**Introduction**

1.      Asia Crawford, whose legal name is Antonio Crawford, is a transgender female prisoner who is currently confined to the United States Penitentiary in Terre Haute ("USP Terre Haute"). She has been placed in cells within the facility where she was repeatedly sexually harassed and then raped by one cellmate, despite alerting defendant MacKellar and others to her dire situation. She is currently confined to the Special Housing Unit ("SHU") where she is confined to a cell 24 hours a day and is denied recreation and all out-of-cell movement. She is in danger from her cellmate. Although she has been diagnosed with gender dysphoria, she has been denied all mental health treatment and, given her current conditions, her mental health is deteriorating. Defendants are aware of

[1]

her situation, but have done nothing to provide for her security, protection, or physical and mental health needs. Defendants are violating her rights secured by the Eighth Amendment to the United States Constitution and appropriate declaratory and injunctive relief should issue and damages should be awarded against defendant MacKellar because of his failure to protect her from harm.

**Jurisdiction, venue, cause of action**

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331, 1346.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e).

4. Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

5. This action is brought pursuant to the Eighth Amendment to the United States Constitution and her damages claims is brought pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971, and *Carlson v. Green*, 446 U.S. 14 (1980).

**Parties**

6. Asia Crawford, whose legal name is Antonio Crawford, is an adult prisoner, currently committed to the custody of the Federal Bureau of Prisons ("BOP") and currently confined in USP Terre Haute, a BOP facility.

7. T.J. Watson is the Complex Warden for Terre Haute Federal Correction Complex, which includes USP Terre Haute.

8. Lt. MacKellar is the custody supervisor of the SHU within USP Terre Haute.

[2]

**Facts**

9. Plaintiff is currently serving a sentence after conviction of a federal crime and is currently set to be released in August of 2024.

10. Plaintiff entered the BOP in August of 2019.

11. Plaintiff, although born male, is a transgender female and has been diagnosed within the BOP as having gender dysphoria.

12. Gender dysphoria, formerly known as gender identity disorder, is characterized by a strong and persistent cross-gender identification and a persistent discomfort with one's sex or sense of inappropriateness in the gender role of that sex, causing clinically significant distress or impairment in social, occupational, or other important areas of functioning.

13. Gender dysphoria is a severe psychological condition, which left untreated may result in debilitating anxiety, depression, suicidality, and other mental health issues.

14. Plaintiff suffers from depression and has a history of suicide attempts and other mental health issues.

15. The Standards of Care for the Health of Transsexual, Transgender, and Gender Nonconforming People ("Standards of Care"), published by the World Professional Association for Transgender Health ("WPATH"), provide the generally accepted

protocols for the treatment of gender dysphoria. WPATH, Standards of Care—7th Version (available at: https://www.wpath.org/media/cms/Documents/SOC%20v7/Standards%20of%20Care%20V7%20-%202011%20WPATH.pdf?_t=1604581968 (last visited Nov. 5, 2020).

16. The Standards of Care identify four treatment options that should be considered in treating gender dysphoria:

> a. Changes in gender expression and role (which may involve living part time or full time in another gender role, consistent with one's gender identity);
>
> b. Hormone therapy to feminize or masculinize the body;
>
> c. Surgery to change primary and/or secondary sex characteristics (e.g., breasts/chest, external and/or internal genitalia, facial features, body contouring); and
>
> d. Psychotherapy (individual, couple, family, or group) for purposes such as exploring gender identity, role, and expression; addressing the negative impact of gender dysphoria and stigma on mental health; alleviating internalized transphobia; enhancing social and peer support; improving body image; or promoting resilience.

*Id.* at 9-10.

17. Plaintiff is not receiving hormone therapy, and is not receiving any mental health treatment, although she has requested it.

18. Plaintiff arrived at USP Terre Haute in February of 2020.

19. Plaintiff is 30 years old, weighs less than 140 pounds, and identifies as female.

20. Plaintiff is at a high risk of being assaulted and abused by other prisoners because she is transgender, and she is not able to defend herself.

21. Defendants are aware that, because of her transgender status, she is at a high risk of being subjected to assault and abuse, including sexual violence.

22. Upon arriving at USP Terre Haute she was placed into a unit which she believes was for protective custody prisoners.

23. She was placed in a cell with a cellmate who threatened her with physical violence and sexual assault and demanded that plaintiff have sex with him. Plaintiff refused and the threats of violence and assault continued.

24. Approximately March 1, 2020, plaintiff notified a correctional officer of the threats and demands being made by plaintiff's cellmate. Nothing was done.

25. Following this, plaintiff repeatedly notified the correctional officer of the danger she was in because of his cellmate. Nothing was done.

26. Finally, when nothing was done in the facility to protect her, plaintiff filed a formal complaint with the United States Department of Justice pursuant to the Prison Rape Elimination Act complaining of her situation and the failure of the correctional officer to respond to her complaints.

27. Staff at USP Terre Haute were notified of plaintiff's complaint and in response plaintiff was transferred to a more secure unit, the SHU, where she remains today.

28. Lt. MacKellar is the custody supervisor on the SHU.

29. Defendant MacKellar placed plaintiff into a cell with another prisoner, who also demanded sex from plaintiff and sexually harassed plaintiff and threatened her with violence and sexual attacks.

30. Plaintiff complained to defendant MacKellar about the harassment and threats of violence and sexual attacks and the danger that she was in, but Lt. MacKellar did nothing to move plaintiff or address her situation.

31. Defendant MacKellar was fully aware of the objective and serious harm that plaintiff faced and was deliberately indifferent to the substantial risk to her health and safety.

32. On August 13, 2020, plaintiff's cellmate raped her three times. This caused her physical and emotional injury.

33. In the SHU unit the cell contains a shower and after the rapes plaintiff's cellmate required her to take a shower and clean herself so there was no evidence of the attacks.

34. After plaintiff's cellmate fell asleep, plaintiff alerted an officer that she had been raped and plaintiff was taken to a hospital for examination and treatment.

35. Plaintiff was returned and, because of quarantine procedures, was placed in isolation for 14 days before she was released and again placed into the SHU with another cellmate.

36. Prisoners in the SHU spend 24 hours a day in their cells. They do not receive recreation and they are not released regularly for any other purpose.

37.     The continued isolation in the cell is extremely difficult for plaintiff because of her serious mental health issues.

38.     These mental health issues are particularly problematic as her current cellmate is sexually harassing and threatening her.

39.     Plaintiff has complained to Lt. MacKellar about the ongoing sexual harassment and threats, but nothing has been done. He has refused to move plaintiff away from an objectively dangerous situation

40.     Despite being raped and despite her mental health needs, plaintiff has not received any mental health treatment and has not been seen by anyone from USP Terre Haute's mental health staff other than persons who walk through the cell block once a week. They do not remove plaintiff from her cell to talk to her and the door-front interactions do not allow for patient confidentiality of any mental health treatment.

41.     Therefore, after being raped by a prior cellmate, she is confined 24 hours-a-day with another prisoner who is threatening her.

42.     Plaintiff is suffering escalating anxiety, depression, and other serious mental health difficulties because of the conditions of her confinement.

43.     Defendant Watson regularly walks through the unit and plaintiff has on numerous occasions spoken to the Warden at her cell front to address the fact that she is in a dangerous situation and her mental health is seriously deteriorating.

44.     Defendant Watson has ignored her concerns.

45. Plaintiff is being harmed and is at risk of serious harm because of her current placement.

46. Defendants are failing to protect plaintiff from harm and are deliberately indifferent to the harm she continues to incur and face.

47. For plaintiff to file a grievance she must obtain the grievance form from the Unit Manager.

48. Plaintiff has repeatedly requested that she be given a grievance form to complain about the dangerous situation she is in, the harm she has been caused, and the lack of treatment and care that she has received, but the Unit Manager has refused to provide her a grievance form, despite plaintiff's multiple requests.

49. Without a receipt of the grievance form she is not allowed to begin the first step of the grievance process. 28 C.F.R. § 542.14(a).

50. The BOP's grievance procedure is therefore not available to her and she must be deemed to have exhausted all grievances available to her.

51. At all times defendants have been deliberately indifferent to the serious harm being caused to, and being faced by, plaintiff.

52. Plaintiff is being caused irreparable harm for which there is no adequate remedy at law.

**Jury demand**

53. Plaintiff requests a trial by jury on all claims so triable.

**Legal claim**

54. The actions and inactions of defendants violate the Eighth Amendment to the United States Constitution.

**Request for relief**

WHEREFORE, plaintiff requests that this Court:

1. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

2. Declare that the actions and inactions of the defendants violate the Eighth Amendment rights of the plaintiff.

3. Enter a preliminary injunction, later to be made permanent, ordering the defendants to:

   a. Remove plaintiff from her current placement and place her in an appropriate location where she is protected from harm.

   b. Take all steps to secure that plaintiff receives immediate treatment for her mental health needs, including her gender dysphoria.

4. Award plaintiff her damages against Lt. MacKellar after a trial by jury.

5. Award plaintiff her costs and reasonable attorneys' fees pursuant to 28 U.S.C. § 2412(d).

6. Award all other proper relief.

Kenneth J. Falk
Gavin M. Rose
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
grose@aclu-in.org

Attorneys for Plaintiff