UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANTONIO CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00538-JPH-DLP |
| | ) | |
| MACKELLAR, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY DENYING MOTION FOR CHANGE OF VENUE**

The plaintiff seeks to transfer venue because she fears that she "will not get the justice [she is] due" from this Court. Dkt. 53 at 3. She also states that she is from California, is currently incarcerated in Arizona, and therefore believes that the district court in Arizona should assume jurisdiction of this case. *See id.* at 4.

"[A] district court may transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "Transfer is appropriate under § 1404(a) where the moving party establishes that (1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice." *Forecast Sales v. Axxiom Mfg., Inc.*, No. 1:10-CV-01379-SEB, 2011 WL 3206967, at *2 (S.D. Ind. July 28, 2011) (citation omitted). "When deciding whether to transfer a case under § 1404(a), a district court therefore must evaluate both the convenience of the parties and various public-interest considerations." *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 707–08 (7th Cir. 2020). Private-interest factors include: "(1) plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof; (4) the

1

convenience of the witnesses; and (5) the convenience to the parties in litigating in their respective forums," and public-interest factors "include the court's familiarity with applicable law and the desirability of resolving controversies in their locale." *CMG Worldwide, Inc. v. Upper Deck Co.*, No. 1:08-CV-761-RLY-JMS, 2008 WL 4690983, at *2 (S.D. Ind. Oct. 22, 2008) (citations omitted).

Transfer would not serve the interests of justice here. Ms. Crawford filed this suit in this district alleging conduct that occurred at the United States Penitentiary in Terre Haute ("USP Terre Haute"), which is in this district. *See* dkt. 1; dkt. 10. Defendant has not consented to transfer, and he remains employed in Terre Haute. *See* dkt. 54 at 2–3. Any relevant documents are likely located at the USP Terre Haute, and witnesses would also likely be employed there and reside in the Terre Haute area. *See id.* at 3. And Plaintiff has not shown any prejudice by the case remaining in this district. Accordingly, the plaintiff's motion for change of venue, dkt. [53], is **DENIED.**

**SO ORDERED.**

Date: 6/28/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

2

Distribution:

ANTONIO CRAWFORD
43793-424
TUCSON - USP
TUCSON U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 24550
TUCSON, AZ 85734

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov