UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTONIO CRAWFORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00538-JPH-DLP ) |
| MACKELLAR, | ) ) ) |
| Defendant. | ) |

**Entry Denying Motion for Summary Judgment and
Directing Further Proceedings**

In this civil rights lawsuit, Asia Crawford[1] alleges that she was raped by her cell mate and that the defendant, Lt. Mackellar,[2] failed to protect her from this assault. Lt. Mackellar now moves for summary judgment on the grounds that Ms. Crawford failed to exhaust her administrative remedies prior to filing this lawsuit. For the reasons that follow, Lt. Mackellar's motion for summary judgment is **denied**.

### I. Legal Standard

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Com. Schools*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

---

[1] Plaintiff, whose legal name is Antonio Crawford, is a transgender female prisoner.
[2] Lt. Mackellar's full name is not in the record.

1

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inference from it in the light most favorable to the nonmoving party. *Khungar v. Access Community Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017).

## II. Background

The record is presented in the light most favorable to Ms. Crawford. *Stark v. Johnson & Johnson*, 10 F.4th 823, 825 (7th Cir. 2021); *Reid Hospital and Health Care Servs., Inc. v. Conifer Revenue Cycle Solutions*, *LLC*, 8 F.4th 642, 645 (7th Cir. 2021).

Ms. Crawford is a transgender female who has been diagnosed within the BOP as having gender dysphoria. She is at a high risk of being assaulted and abused by other prisoners. *See* Dkt. 10 at 3–4.

Ms. Crawford arrived at the United States Penitentiary in Terre Haute, Indiana, in February 2020. Shortly after arriving, her cellmate began threatening her and demanding she have sex with him. Ms. Crawford notified the correctional officer, but nothing was done. She eventually filed a grievance with the United States Department of Justice and soon thereafter was transferred to a different cell. *See* Dkt. 10 at 4–6.

Her new cellmate, however, threatened her too. Ms. Crawford repeatedly notified the correctional officer, Lt. Mackellar, of these threats, but nothing was done. In August 2020, she was raped three separate times resulting in physical and emotional injury. *Id.*

USP Terre Haute's grievance process tracks the Bureau of Prison's standardized grievance process for all federal facilities. *See* 28 C.F.R. § 542.10 *et seq.*; *see also* Dkt. 46-1 at 2. It is not

necessary to recite the required steps because it is undisputed Ms. Crawford did not file a grievance related to her claims in this lawsuit. *See* Dkt. 52, Response[3] at 3; *see also* Dkt. 46-1 at 5.

Ms. Crawford states she could not file a grievance because the USP Terre Haute staff pre-screened grievance requests and denied her the necessary grievance forms. Dkt. 52 at 7 ("The unit team [] are the only ones who are in possession of the grievances and with them [denying] me grievances on this specific matter, [t]he administrative remedy process there was not available to me[.]").

### III. Discussion

Lt. Mackellar argues that he is entitled to summary judgment because Ms. Crawford failed to file a grievance and therefore failed to exhaust available administrative remedies. Ms. Crawford argues in response that she was not required to file a grievance because the USP Terre Haute grievance process was not available to her.

The Prison Litigation Reform Act requires inmates to exhaust their available administrative remedies before suing in federal court. 42 U.S.C. § 1997e(a); *Williams v. Wexford Health Sources, Inc.*, 957 F.3d 828, 831 (7th Cir. 2020). This requirement is mandatory: a court cannot excuse an inmate's failure to exhaust. *Ross v. Blake*, 578 U.S. 1174, 1856 (2016). To satisfy the Act's exhaustion requirement, an inmate must strictly comply with the prison's administrative rules for filing grievances. *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020). Failure to exhaust is an affirmative defense, so Lt. Mackellar bears the burden of proof. *Lanaghan v. Koch*, 902 F.3d 683, 688 (7th Cir. 2018).

The administrative remedies, however, must be "available" to the inmate. *Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016) (internal quotations and citations omitted); *see also Reid*,

---

[3] Ms. Crawford's Response and Affidavit are evidence because she swore under the penalty of perjury that the asserted facts in them were true. *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

962 F.3d at 329 ("The exhaustion requirement, however, hinges on the availability of administrative remedies.") (internal quotations omitted) (citing *Ross*, 578 U.S. at 1858). An inmate is not required to exhaust administrative remedies that are unavailable. *Hernandez*, 814 F.3d at 842 (citations omitted).

Here, there is a disputed question of fact as to whether the grievance process was available to Ms. Crawford. Lt. Mackellar has submitted evidence that it was. *See* Dkt. 46-1, Affidavit of Renee Turner at 2 (Terre Haute's administrative remedy process); *see also id.* (explaining that inmates have access to the process via the law library); *id.* at 5–9 (reviewing Ms. Crawford's grievance history and explaining that she has used the process before). Ms. Crawford has submitted evidence that the grievance process was not available to her. Dkt. 52 at 4–5 (explaining prison staff imposes high hurdles on inmates by asking questions related to the grievance), *id.* at 6 (contending prison staff will pre-mark grievance forms thereby limiting the scope of the grievance); *id.* at 8 (asserting prison staff are selective in providing grievance forms); *id.* at 3, 7 (explaining prison staff denied her grievance forms with respect to this particular issue). The question of whether the grievance process was available to Ms. Crawford precludes summary judgment.

Lt. Mackellar argues that despite Ms. Crawford's statements explaining that the grievance process was not available to her, he is still entitled to summary judgment. First, he argues Ms. Crawford's "vague allegations" that she was denied forms do not create a genuine dispute of material fact because the record shows that she submitted several grievances in the fall of 2020. Ms. Crawford contends that while she had received grievance forms at other times, she was denied the forms that she needed to file a grievance regarding the incidents described in her complaint. Determining whether the grievance process was available to Ms. Crawford will require making

4

credibility determinations and weighing the evidence, tasks that are reserved for a jury at trial. *Reinebold v. Bruce*, 18 F.4th 922, 927 (7th Cir. 2021) ("A district court judge may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts when ruling on a motion for summary judgment."); *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014) ("Sometimes the heftiness or the evidence on one side, or the credulity of a particular litigant makes [the] task of suspending factual and credibility determinations difficult, but whatever the difficulty, [the Court] must stick to the task on summary judgment.") (citation omitted).

Second, Lt. Mackellar contends Ms. Crawford could have availed herself of an alternative grievance process like she did previously. 28 C.F.R. § 542.14(d)(1); *Janis v. United States*, 162 F. App'x 642, 644 (7th Cir. 2006) ("[I]f BOP inmates believe that they would be endangered by filing a grievance in the normal course with officials at their particular facility, they can submit their grievances directly to the Regional Director of the BOP.") (internal quotations and citations omitted). But Ms. Crawford's filing of other grievances, whether at the facility or with the Regional Director, does not conclusively show that the process was available to her for these claims. *See Kaba v. Stepp*, 458 F.3d 678, 688 (7th Cir. 2006) (reversing grant of summary judgment and finding a question of fact as to exhaustion even though it was undisputed plaintiff had previously filed three grievances at the facility); *id.* at 686 (an administrative process may become unavailable during an inmate's tenure). Moreover, Ms. Crawford alleges that prison staff pre-screened her grievance requests and denied her grievance forms for these claims altogether. *See Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) (remedies unavailable where prison personnel prevent access to grievance forms). Construing the record in her favor as it must, *Khungar*, 985 F.3d at 572–73, the Court cannot conclude at this juncture on the record before it

that Lt. Mackellar has shown that Ms. Crawford could have submitted a grievance directly to the Regional Director.

## IV. Conclusion

Lt. Mackellar's motion for summary judgment, dkt. [46], is **denied**. Lt. Mackellar shall have **through February 4, 2022**, in which to notify the Court in writing that he is either abandoning his affirmative defense of exhaustion or requesting a hearing to resolve the factual dispute above.

**SO ORDERED**.

Date: 1/20/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTONIO CRAWFORD
43793-424
TUCSON - USP
TUCSON U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 24550
TUCSON, AZ 85734

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov