UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANTONIO CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00538-JPH-DLP |
| | ) | |
| MACKELLAR, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Denying Plaintiff's Motion for Sanctions and
Motion for Summary Judgment**

In this prisoner civil rights action, Antonio Crawford asserts that Lieutenant Shannon Mackellar failed to protect her[1] from being sexually assaulted while she was in custody at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"). The Court previously denied Lt. Mackellar's motion for summary judgment on the issue of exhaustion of administrative remedies, dkt. 64, and a *Pavey* hearing is scheduled for June 2, 2022. Dkt. 75. Before the Court are Ms. Crawford's motion for sanctions and motion for summary judgment. Both motions are **denied**.

---

[1] Ms. Crawford has signed her pleadings "Ms. Antonio Crawford." *E.g.* dkt. 97 at 5; *see Balsewicz v. Pawlyk*, 963 F.3d 650, 652 n. 1 (7th Cir. 2020); *see also Dyjak v. Wilkerson*, Nos. 21-2012 and 21-2119, 2022 WL 1285221, at *1 (7th Cir. Apr. 29, 2022) (explaining federal courts' "normal practice of using pronouns adopted by the person before [them]").

1

## I. Motion for Sanctions

In her motion for sanctions, Ms. Crawford alleges that Lt. Mackellar failed to timely disclose Katie Marshall as a witness. Ms. Marshall is unit manager at USP Terre Haute, and she attests she never denied Ms. Crawford grievance forms or imposed any hurdles to Ms. Crawford obtaining them. *See* Dkt. 86-1 ¶ 4. Ms. Crawford argues that Ms. Marshall's testimony should be excluded because she was not timely disclosed under Rule 26(a). *See* Fed. R. Civ. P. 37(c).

Ms. Crawford's motion lacks merit. Witnesses regarding the issue of exhaustion were required to be identified by May 11, 2022, dkt. 82 ¶¶ 1, 2, and Lt. Mackellar's disclosure of Ms. Marshall was timely. Dkt. 88; *see also* Fed. R. Civ. P. 26(a)(1)(C) and (D) (noting parties must make disclosures by a certain deadline *unless* a different time is set by court order). Moreover, Ms. Crawford identified Ms. Marshall as a potential witness during discovery. *See* Dkt. 99-1. Accordingly, the motion for sanctions is **denied**.

## II. Motion for Summary Judgment

In her motion for summary judgment, Ms. Crawford argues that there is no factual dispute as to whether administrative remedies were unavailable to her. Ms. Crawford points to a discovery response in which Lt. Mackellar states he "lacks personal knowledge regarding whether [Ms. Crawford] was provided an Administrative Remedy form as to the specific allegations in [the] lawsuit." Dkt. 90-1 at 2. This, according to Ms. Crawford, shows that there is no evidence she received the appropriate forms, and so she is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

But Lt. Mackellar not being involved in the administrative remedy process does not resolve the issue of exhaustion. As the Court has previously explained, there is other evidence that the administrative remedy process was available to Ms. Crawford:

> Here, there is a disputed question of fact as to whether the grievance process was available to Ms. Crawford. Lt. Mackellar has submitted evidence that it was. *See* Dkt. 46-1, Affidavit of Renee Turner at 2 (Terre Haute's administrative remedy process); *see also id.* (explaining that inmates have access to the process via the law library); *id.* at 5–9 (reviewing Ms. Crawford's grievance history and explaining that she has used the process before). Ms. Crawford has submitted evidence that the grievance process was not available to her. Dkt. 52 at 4–5 (explaining prison staff imposes high hurdles on inmates by asking questions related to the grievance), *id.* at 6 (contending prison staff will pre-mark grievance forms thereby limiting the scope of the grievance); *id.* at 8 (asserting prison staff are selective in providing grievance forms); *id.* at 3, 7 (explaining prison staff denied her grievance forms with respect to this particular issue). The question of whether the grievance process was available to Ms. Crawford precludes summary judgment.

Dkt. 64.

This question of fact will be resolved at the *Pavey* hearing. Accordingly, Ms. Crawford's motion for summary judgment is **denied**.

### III. Conclusion

For those reasons, Ms. Crawford's motion for summary judgment and motion for sanctions, dkts. [90] and [97], are **denied**. The **clerk is directed** to change "Mackellar" to "Shannon Mackellar."

**SO ORDERED**.

Date: 5/26/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTONIO CRAWFORD
43793-424
TUCSON - USP
TUCSON U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 24550
TUCSON, AZ 85734

All Electronically Registered Counsel